JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Melissa Edwardson ("Edwardson") appeals from the decision of the Cuyahoga County Court of Common Pleas to sentence her to more than the minimum term of incarceration. For the reasons that follow, we affirm.
 {¶ 2} The following facts give rise to this appeal. On July 12, 2002 at approximately 4:30 a.m., in Parma, Officer Voisine responded to a radio assignment regarding a hysterical female driving through backyards. Officer Voisine located Edwardson after she had driven through a fence and come to a stop. Officer Voisine drew his weapon and ordered that Edwardson turn the car off and throw the keys out the window. Edwardson started to comply, but then she restarted the vehicle when Officer Voisine signaled to his backup units. She put it in drive, spun the tires, and headed straight toward Officer Voisine, who was about eight to ten feet in front of her. Officer Voisine was able to jump out of the way to avoid being hit.
 {¶ 3} After being placed under arrest, Edwardson directed officers to retrieve her medication from a cupboard in her house, where a large quantity of drugs were found. Edwardson was arrested and later indicted for felonious assault with a peace officer specification, possession of drugs in excess of one thousand grams, drug trafficking in excess of one thousand grams, possession of criminal tools, failure to comply, and endangering children.
 {¶ 4} On December 13, 2002, after Edwardson entered a no contest plea, the court found her guilty of attempted felonious assault with a peace officer specification, which is a felony of the second degree and punishable by two to eight years in prison and up to a $10,000 fine. In addition, Edwardson pled guilty to drug trafficking, a felony of the first degree punishable by a mandatory term of incarceration from three to ten years, a possible fine of up to $20,000 and a mandatory fine of up to $10,000, and a mandatory driver's license suspension of six months up to five years.
 {¶ 5} On January 9, 2003, the court sentenced Edwardson to a term of seven years of incarceration on both counts, to run concurrent to each other.
 {¶ 6} Edwardson appeals the decision of the trial court and advances one assignment of error for our review.
 {¶ 7} "The trial court erred in sentencing the appellant to more than the minimum sentence."
 {¶ 8} Edwardson argues that the trial court erred by imposing more than the minimum sentence, failing to adequately explain why it was departing from the minimum sentence, and failing to make the requisite findings required by R.C. 2929.14(B). In addition, Edwardson argues that her sentence is disproportionate to sentences imposed on offenders convicted of similar crimes. This assignment of error is without merit.
 {¶ 9} The law is well settled that we will not reverse a trial court on sentencing issues unless this court finds by clear and convincing evidence that the trial court has erred. R.C.2953.08(G)(1).
 {¶ 10} R.C. 2929.14(B) provides that in imposing a sentence upon a felony offender who has not previously served a prison term, "the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 11} In the instant case, Edwardson had not previously served a prison term; therefore, the trial court was required to impose the shortest prison term unless it made one of the required findings under R.C. 2929.14(B). Contrary to Edwardson's assertion, the trial court did make one of the required statutory findings for departing from the minimum sentence. The court reviewed the sentencing guidelines and determined that the shortest prison term would demean the seriousness of the offenses, and stated:
{¶ 12} "* * * I have to first look at and weigh the factors ofthe seriousness/recidivism likely factors. You are not a youngperson. You explain you have been involved with different men.Your attorney is saying all abusive. What we see is there is ahistory of drug involvement. We are not talking the nickel anddime drugs, we are talking big, big, big-time stuff. Stuff we donot see every day in this courtroom, this quantity of drugs. So Idon't agree with the Defendant's attorney version the shortestsentence would be appropriate. To give a short sentence woulddemean the seriousness of the offense * * *.
 {¶ 13} "As I mentioned, the facts clearly indicate you did notcomply with the order of the police officer, that you drove yourcar directly at him, had he not jumped out of the way you wouldhave hit him. That is why she has an officer specification. Whatis interesting, the Court has two different things to do. It canlook at both those crimes separately and run terms consecutive,but there are elements and guidelines that I have to find to gowith a higher term on F-1 considering the attempted feloniousassault explaining to the Court of Appeals what I am about to doand running them concurrently or running them consecutively. Ican say the harm was so great or unusual a single term does notadequately reflect the seriousness of your conduct. I can showthat you do have a criminal history that shows consecutive termsare necessary to protect the public and that it would not bedisproportionate to protect and punish you, the Defendant, fortwo crimes; that is the drugs and driving at the police officerand almost causing serious physical bodily injury."
 {¶ 14} The court noted that it could sentence Edwardson to three years and four years and make them run consecutively, or sentence her to seven years on each count and run the sentences concurrently. It is clear from the record that the court departed from the minimum on both counts because of the nature of the criminal conduct related to each count, which viewed separately required more than the minimum sentence so as not to demean the seriousness of Edwardson's conduct.
 {¶ 15} Edwardson further argues that the trial court did not adequately explain why it was imposing more than the minimum sentence. In State v. Edmonson (1999), 86 Ohio St.3d 324, 326, the Supreme Court of Ohio stated, "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned * * * before it can lawfully impose more than the minimum authorized sentence." In this case, the record reflects that the trial court set forth its rationale even though it was not required to do so.
 {¶ 16} Edwardson also argues that her sentence is disproportionate to sentences imposed on offenders convicted of similar crimes. She argues that the court merely stated that the sentence was "consistent with similar crimes committed by similar offenders."
 {¶ 17} This court stated in State v. Woods, Cuyahoga App. No. 82789, 2004-Ohio-2700, "because the mandate of consistency in sentencing is directed to the trial court, it is the trial court's responsibility to insure consistency among the sentences it imposes." See State v. Lyons, Cuyahoga App. No. 80220, 2002-Ohio-3424. The goal of felony sentencing is to achieve "consistency," not "uniformity." State v. Klepatzki, Cuyahoga App. No. 81676, 2003-Ohio-1529.
 {¶ 18} R.C. 2929.11(B) provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 19} In Woods, supra, regarding the issue of consistency in sentencing, this court stated that "[a]lthough a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must at least be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal." Id., quotingState v. Armstrong, Cuyahoga App. No. 81928, 2003-Ohio-5932.
 {¶ 20} Here, Edwardson failed to illustrate, at the trial court level or in her appeal, that similarly situated offenders were sentenced differently than Edwardson on either the attempted felonious assault on a peace officer charge or the drug trafficking charge. In fact, the record reflects that Edwardson was two ounces shy of receiving a mandatory term of ten years in prison as a major drug offender. The court took note of this fact: "It is a lot, a lot, a lot of cocaine. As indicated what was two ounces shy of being a full kilogram. That two ounces, as the Detective told you, means that I cannot sentence you to the mandatory ten years. That is what it would have been had you not used the night before which you admitted to using." The trial court further stated that "I think the sentence that I have given you does not demean the seriousness of your conduct, your past criminal record, and is consistent with similar crimes committed by similar offenders. That amount of cocaine, again, is not seen every single day. That is certainly your part of the organized criminal activity and the distribution thereof."
 {¶ 21} Accordingly, there is nothing in the record to indicate that the sentence imposed is inconsistent with or disproportionate to sentences that have been imposed on similar offenders who have committed similar offenses.
 {¶ 22} Edwardson's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Rocco, J., concur.