DECISION AND JUDGMENT ENTRY
{¶ 1} Darek Lathan appeals his convictions from the Lucas County Court of Common Pleas for aggravated robbery, a violation of R.C. 2911.01(A)(1) and kidnapping, a violation of R.C.2905.01(A)(2), both felonies of the first degree. Because appellant/cross-appellee's case presents no arguable issues meriting review, this appeal is determined to be without merit. His conviction is affirmed, and his appellate counsel's motion to withdraw is granted.
 {¶ 2} The state's cross-appeal is well-taken in part, for the trial court was not limited in the exercise of its discretion byState v. Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, L-00-1028, in sentencing Lathan.
 Lathan's Appeal {¶ 3} Lathan was indicted April 10, 2000 on one count each of aggravated robbery and kidnapping along with gun specifications. He and three co-defendants were tried and convicted of those offenses, including the attendant gun specifications. This court reversed all the convictions and remanded for a new trial. Statev. Lathan, 6th Dist. No. L-01-1030, 2002-Ohio-2686, at ¶ 2. See also, State v. Purley, 6th Dist. No. L-01-1005, 2002-Ohio-2689. Ultimately, all co-defendants — with the exception of Lathan — entered pleas. At the second trial, Lathan was convicted again of aggravated robbery and kidnapping but not the attendant gun specifications. The trial court imposed two concurrent six year prison terms upon Lathan, in part relying upon State v.Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, L-00-1028.
 {¶ 4} Lathan's appellate counsel filed an Anders brief, stating that there were no arguable issues on appeal along with a motion to withdraw as counsel. In Anders v. California (1967), 386 U.S.738, the Supreme Court of the United States established five criteria to be met before appellate counsel may be allowed to withdraw: (1) a showing that appellate counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw has been filed by appellate counsel; (3) the existence of a brief filed by appellate counsel raising any potential assignments of error that can be argued on appeal; (4) a showing that appellate counsel provided appellant with a copy of the brief which was filed; and (5) a showing that appellate counsel provided an adequate opportunity for appellant to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. Id., at 744. All criteria have been met in this case.
 {¶ 5} Appellate counsel argues two potential assignment of error: that the state committed prosecutorial misconduct during the examination of Maurice Purley; and that Lathan did not receive effective assistance of counsel because his attorney should not have allowed James Purley to testify.
 Prosecutorial Misconduct {¶ 6} The Supreme Court of the United States has held any allegation of constitutional violations based on prosecutorial misconduct focuses on the fairness of the trial, not the culpability of the prosecutor. Smith v. Phillips (1982),455 U.S. 209, 219. An accused is guaranteed a fair trial, not a perfect one. Schneble v. Florida (1972), 405 U.S. 427, 432. State law yields the same principle. Generally, a prosecutor's conduct at trial is not grounds for reversal unless that conduct deprives the defendant of a fair trial. State v. Loza (1994),71 Ohio St.3d 61, 78. In deciding if an appellant was deprived of a fair trial, an appellate court must determine whether, if the improper conduct had not occurred, the jury would have found the appellant guilty. State v. Maurer (1984), 15 Ohio St.3d 239,266, 267. Thus, the test for prosecutorial misconduct rests on whether the prosecutor's actions were improper and, if so, whether those actions prejudicially affected the defendant's substantial rights. State v. Eley (1996), 77 Ohio St.3d 174,187.
 {¶ 7} Lathan contends that Maurice Purley, an accomplice, lied about why he was fired from his job at TGI Friday's. He also argues that the prosecutor did not tell the jury of unrelated drug charges that were allegedly not being filed against Purley until after Purley's testimony. Neither allegation finds any support in the record. Lathan's counsel cross-examined Purley at length concerning his plea agreement and his firing from TGI Friday's. The state itself elicited the terms of Purley's robbery plea, his previous drug trafficking conviction, and his employment during direct examination. An in-depth review of the record uncovers no prosecutorial misconduct. As there was no improper action by the prosecutor, Lathan's substantial rights were not prejudiced, and he was not denied a fair trial.
 {¶ 8} Lathan alleges potential prosecutorial misconduct by relying on matters not contained in the record. Since, he has presented nothing under App.R. 9 to require reversal of his conviction, his remedy would have been to have filed a motion for postconviction relief. State v. Watts (Sept. 27, 1985), 6th Dist. No. Cr 84-5026. See also, State v. Elson (Apr. 30, 1999), 6th Dist. No. L-98-1156. The potential assignment of error concerning prosecutorial misconduct is without merit.
 B. Ineffective Assistance of Counsel {¶ 9} An appellant bears the burden of proving that his counsel was ineffective, since an attorney is presumed to be competent. Strickland v. Washington (1984), 466 U.S. 668,687-689; State v. Lott (1990), 51 Ohio St.3d 160,174. To meet this burden of proof, the appellant must show that: (1) there was a substantial violation of the attorney's duty to his client, and (2) the defense was prejudiced by the attorney's actions or breach of duty. Strickland, supra.; State v. Smith (1985),17 Ohio St.3d 98, 100. Prejudice is shown where there is a reasonable probability that a different result would have occurred in the case if the attorney had not erred. State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of syllabus;State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 108.
 {¶ 10} In discussing the issue of attorney competence, the Ohio Supreme Court observed: "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [Citations omitted] * * * Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.' [Citations omitted]" State v. Frazier (1991),61 Ohio St.3d 247, 253.
 {¶ 11} This presumption means that a great amount of deference must be given to counsel's trial strategy. State v.Carter (1995), 72 Ohio St.3d 545, 558. We are not to second guess. Even a questionable trial strategy does not compel a finding of ineffective assistance of counsel. State v. Smith
(2000), 89 Ohio St.3d 323, 328; State v. Clayton (1980),62 Ohio St.2d 45, 49.
 {¶ 12} An attorney properly licensed in Ohio is presumed to execute his or her duties in an ethical and competent manner.State v. Hamblin (1988), 37 Ohio St.3d 153, 155-156. Effective assistance of counsel requires only that counsel perform at least as well as an attorney with ordinary training and skill in that area of law. State v. Martens (1993), 90 Ohio App.3d 338, 351. It does not guarantee results. State v. Longo (1982),4 Ohio App.3d 136, 139.
 {¶ 13} In this case, Lathan's counsel was far from ineffective since he was able to convince the jury to acquit on both gun specifications. The record also reflects that Lathan's counsel actively tried to obtain a full acquittal by thoroughly cross-examining the state's witnesses, making a number of timely objections, and minimizing Lathan's own unhelpful testimony. Lathan argues that the calling of James Purley as a defense witness resulted in ineffective assistance of counsel. Yet this was his own decision.
 {¶ 14} Lathan's counsel specified on the record that he advised Lathan not to call James Purley as a witness. Even if counsel himself had decided to call Purley, it is a matter of trial strategy how to select a witness and does not normally constitute ineffective assistance of counsel. Toledo v. Prude,
6th Dist. No. L-02-1250, 2003-Ohio-3226. After reviewing the record, we find that Lathan's potential assignment of error is without merit.
 II. State's Cross Assignments of Error {¶ 15} The state, as a cross-appellant, raises two assignments of error concerning Lathan's sentences:
 {¶ 16} "R.C. 2929.11(B) allows disparities in sentences among co-defendants and, in particular, permits leniency for the underling defendants who cooperate with authorities and more-severe sentences for ringleaders and instigators. State v.Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, L-00-1028, explained."
 {¶ 17} "Because Lathan's sentences are not consistent with sentences imposed for similar crimes committed by similar offenders, they are contrary to law, not supported by the record, and should be remanded for resentencing. R.C. 2929.11(B); R.C.2953.08(G)(1); State v. Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, L-00-1028; applied."
 {¶ 18} The state's two cross-assignments of error are closely related, are based upon State v. Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, L-00-1028, and are stated in the alternative. The first assignment of error contends that co-defendants do not need to receive uniform sentences in the name of consistency. The second assignment of error states that Lathan's sentences were contrary to law, being inconsistent with other sentences for aggravated robbery and kidnapping. Both cross-assignments of error will be discussed together.
 State v. Williams {¶ 19} Essentially, in its cross-appeal, the state asks us to re-examine State v. Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, L-00-1028, on its theory and application. In that case, Richard Williams was indicted on two counts of involuntary manslaughter and two counts of aggravated vehicular homicide. He had killed two young women by driving his jeep into their Chevy Nova, which was stopped at a flashing red light, preparing to turn left. Williams pled no contest to the aggravated vehicular homicide counts and was sentenced to two consecutive three year prison sentences. He also received an additional and consecutive 17 month term for a community control violation on an earlier drug charge.
 {¶ 20} On appeal, Williams, who had never been to prison before, argued that his sentences were contrary to law. In contending that his prison time was inconsistent with other sentences meted out for aggravated vehicular homicide convictions, he presented several comparison cases with prison sentences fewer than six years. We accepted Williams's arguments, reversed both sentences, and remanded for resentencing.[1]
Williams was then sentenced to two concurrent three year prison terms, later upheld on appeal. State v. Williams, 6th Dist. No. L-01-1403, 2002-Ohio-2690, at ¶¶ 4, 17.
 {¶ 21} Since Williams, when the consistency of a sentence is an appellate issue, we have found ourselves comparing and contrasting a list of cases supplied by the appellant that theoretically bear some comparison to the case being appealed.[2] Nevertheless, we now find on closer review of sentencing statutes, that the Williams comparison simply is not mandated.
 {¶ 22} In Williams, we held, in part, that "we clearly and convincingly find that appellant's sentence is not supported by the record and is contrary to law as it fails to achieve one ofthe two overriding purposes of felony sentencing, that is,consistency with sentences imposed in similar crimes committed bysimilar offenders." State v. Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, L-00-1028. [Emphasis added]. This statement is erroneous, for R.C. 2929.11(B) does not say that "consistency" is an overriding purpose of sentencing. R.C. 2929.11(B) does say the two overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others and to punish the offender." Consistency, on the other hand, is to be statutorily considered as but one of a number of factors, rather than as an "overriding purpose" of sentencing. Whether consistency is mandatory or aspirational has been a matter of debate in at least one appellate district.[3]
 {¶ 23} The Williams case has been used to suggest that to attain consistency, courts must examine other similar cases to determine a correct sentence. In contrast, other courts have determined that "consistency" does not mean "uniformity."[4] They have recognized that the statutory scheme established by Senate Bill 2 rejected a grid system, and that except for certain express guidance, the trial court retains its discretion on how to fulfill the duties of sentencing.[5]
 {¶ 24} Courts that have rejected the Williams approach have found that inconsistency is not shown merely by supplying a list of cases where other defendants in other cases were given prison sentences that differed from the appellant's.[6] Even co-defendants with a similar or identical history of recidivism may properly be sentenced to different terms of imprisonment.[7]
 {¶ 25} Each case is necessarily, by its nature, different from every other case — just as every person is, by nature, not the same.[8] R.C. 2929.11(B) does not require each judge to sift through every single case that could be deemed similar and impose only a sentence that has been levied before.[9] R.C.2929.12(A) specifies that "[u]nless otherwise required by section2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section2929.11 of the Revised Code."
 {¶ 26} The important determination is whether the sentencing judge has articulated the reasons to select a sentence within the statutory range. A sentence is contrary to law within the meaning of R.C. 2929.11(B) if the trial court has failed to properly consider the factors and guidelines contained in R.C. 2929.12, R.C. 2929.13 and the felony ranges in R.C. 2929.14. These sections, along with R.C. 2929.11, when they are appropriately observed, will create consistency in sentencing.[10]
 {¶ 27} When a sentence is objected to and alleged to be inconsistent with other sentences, what is truly being contested is whether the sentence is supported by the record. Therefore, an appellate court's task is to review the sentence to see if by clear and convincing evidence the appellant has shown the sentence was not supported by the record or was contrary to law.[11]
 {¶ 28} We no longer will require case comparisons when the issue of "consistency" is raised. To the extent that it conflicts with this decision, State v. Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, L-00-1028, is overruled.[12]
 B. Lathan's Sentence {¶ 29} An appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(2). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, at paragraph three of the syllabus. We are not to substitute our judgment for that of the trial court nor defer to the trial court's discretion.State v. Altalla, 10th Dist. No. 03AP-1127, 2004-Ohio-4226, at ¶ 7. See also, R.C. 2953.08(G)(2). The record to be examined by a reviewing court includes the presentence investigative report, the trial court record, and any sentencing hearing statements. R.C. 2953.08(F)(1)-(3). See also, State v. Boshko (2000),139 Ohio App.3d 827, 835.
 {¶ 30} R.C. 2929.11(A) requires that the sentencing judge be guided by "the overriding purposes of felony sentencing," which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) specifies that the sentence should be "reasonably calculated to achieve" these two overriding purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim," and be "consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 31} Unless a mandatory prison term is required, a court that imposes a felony sentence "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). "In exercising that discretion, the court shall consider the factors set forth" in subdivisions (B), (C), (D) and (E) of R.C. 2929.12. Id. These factors relate to the seriousness of the offense and the likelihood that the offender will commit future crimes. The sentencing court also may consider additional factors that it finds relevant to achieving R.C. 2929.11's purposes and principles. Id.
 {¶ 32} Lathan was convicted of aggravated robbery and kidnapping, both felonies of the first degree where prison terms may be three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). First-degree felonies carry a presumption "that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." R.C. 2929.13(D). Lathan received a total six year prison term — the six year aggravated robbery sentence being run concurrently with the six year kidnapping sentence — well within the range for a single felony of the first degree. This sentence was run consecutively with a previous robbery conviction. He was not a first time felony offender; thus, certain requirements did not apply. See, R.C. 2929.14(B); Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph two of the syllabus.
 {¶ 33} As noted, Lathan was sentenced to consecutive sentences. Under R.C. 2929.14(E)(4), a trial court is justified in imposing consecutive sentences if it finds that, "consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C.2929.14(E)(4). In addition, the court must find one of the following: that the offender committed one or more of the multiple offenses while awaiting trial or sentencing, was under community control sanction, or was under post-release control for a prior offense; that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed were so great or unusual that a single prison term does not adequately reflect the seriousness of the offender's conduct; or that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4)(a)-(c).
 {¶ 34} In short, the trial court must find both factors under R.C. 2929.14(E)(4) and one of the three in R.C.2929.14(E)(4)(a)-(c) before imposing a consecutive sentence.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 13. The trial court must state its reasons for imposing consecutive sentences at the sentencing hearing. R.C. 2929.19(B)(2)(c);Comer, supra, at ¶ 20. Here, the trial court found that Lathan's criminal history of six felony convictions coupled with his conduct of committing crimes recently after his release from prison, his behavior and attempts to manipulate evidence, his high likelihood of recidivism, and the danger he posed to the community, all supported consecutive sentences.
 {¶ 35} Even though the trial court relied on State v.Williams, in part, to justify the two concurrent six year sentences for Lathan, it fully complied with the requirements of the revised code in sentencing him. Lathan's prison terms are within the range of sentences that is allowed for an offender who is convicted of first-degree felonies. Therefore, although Statev. Williams is overruled, we do not find that the trial court improperly sentenced Lathan or that this case must be remanded for resentencing. The trial court's judgment is, therefore, affirmed.
 III. Conclusion {¶ 36} We find that Lathan's appellate counsel's brief filed according to Anders v. California presents no arguable issues meriting review and determine that the appeal is wholly frivolous. Appellate counsel's motion to withdraw is granted. The state's crossappeal, however, is well-taken as to the first assignment of error and not well-taken as to the second assignment of error. Lathan's conviction and sentencing from the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal as specified under App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Lanzinger, J. concur.
Handwork, P.J. concurs, writes separately.
Knepper, J. concurs with concurrence.
 {¶ 37} I concur with the decision of the majority recognizing that the Williams decision, with which I originally agreed was, at best, ill conceived. It is important to recognize that each case is unique, and that a trial judge, following the sentencing statutes must be granted discretion to deal with the case before him or her without being bound by what others may have done in similar but perhaps vastly different circumstances.
[1] His 17 month consecutive sentence for a probation violation was also found to be contrary to law under R.C. 2953.08.
[2] See, State v. Hartsock, 6th Dist. No. L-03-1215,2004-Ohio-6905, at ¶¶ 14-17 (Affirmed on other grounds);State v. Short, 6th Dist. No. L-03-1117, 2004-Ohio-2050, at ¶ 8; State v. Quaintance, 6th Dist. No. F-02-017, 2002-Ohio-6243, at ¶ 4; State v. Wilson, 6th Dist. No. L-01-1196, 2002-Ohio-5920, at ¶ 52-54; State v. Claussen, 6th Dist. No. S-01-017, 2002-Ohio-2169, at ¶¶ 9-11.
[3] State v. Kennedy, 8th Dist. No. 83445, 2004-Ohio-6414, at ¶ 78; State v. Woods, 8th Dist. No. 82789, 2004-Ohio-2700, at ¶¶ 51-52; State v. Crayton, 8th Dist. No. 81257, 2003-Ohio-4663, at ¶ 40; State v. Lyons, 8th Dist. No. 80220, 2002-Ohio-3424, at ¶ 30.
[4] State v. Heidorn, 1st Dist. No. C-030700, 2004-Ohio-3749, at ¶ 13; State v. Ryan, 1st Dist. No. C-020283, 2003-Ohio-1188, at ¶ 10; State v. Agner, 3d Dist. No. 8-02-28, 2003-Ohio-5458, at ¶ 12; State v. Coburn, 4th Dist. No. 03CA774, 2004-Ohio-2997, at ¶ 17; State v. Kingrey, 5th Dist. No. 04-CAA-04029, 2004-Ohio-4605, at ¶ 17; State v. Rankin, 5th Dist. No. 2002 AP 08 0064, 2003-Ohio-2128, at ¶ 9; State v.Worthen, 8th Dist. No. 83816, 2004-Ohio-5970, at ¶ 21; State v.Austin, 8th Dist. No. 84142, 2004-Ohio-5736, at ¶ 43; State v.Edwardson, 8th Dist. No. 83727, 2004-Ohio-5029, at ¶ 17; Statev. Thomas, 8th Dist. No. 82674, 2004-Ohio-1907, at ¶ 54; Statev. Quine, 9th Dist. No. 20968, 2002-Ohio-6987, at ¶ 12.
[5] See also, State v. Agner, 3d Dist. No. 8-02-28, 2003-Ohio-5458, at ¶ 7. (Uniformity is viewed as unyielding and formulaic — "a rigid numerical grid system."); State v. Ryan,
1st Dist. No. C-020283, 2003-Ohio-1188, at ¶ 10. (Consistency "aims at similar sentences" and "accepts divergence within a range of sentences and takes into consideration the trial court's discretion to weigh relevant statutory factors."); State v.Heidorn, 1st Dist. No. C-030700, 2004-Ohio-3749, at ¶ 13 andState v. Coburn, 4th Dist. No. 03CA774, 2004-Ohio-2997, at ¶ 17. (A consistent sentence "ultimately results in an outcome that is rational and predictable.").
[6] See, State v. Kingrey, 5th Dist. No. 04-CAA-04029, 2004-Ohio-4605, at ¶ 18 and State v. Georgakopoulos, 8th Dist. No. 81934, 2003-Ohio-4341, at ¶ 23. ("Simply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency."); State v.Ryan, 1st Dist. No. C-020283, 2003-Ohio-1188, at ¶ 12. ("[A] random list of citations to appellate decisions is of dubious value in this regard since it does not necessarily take into account all the unique factors that may distinguish one case from another. Indeed, to rely on appellate cases alone excludes cases involving sentences that have not been appealed or that have resulted from agreements involving guilty or no-contest pleas.").
[7] State v. Watson, 5th Dist. No. 02CA84, 2003-Ohio-3013, at ¶¶ 9-18; State v. Clark, 8th Dist. No. 79386, 2002-Ohio-15;State v. Rowland (May 11, 2001), 1st Dist. No. C-000592; Statev. Stern (2000), 137 Ohio App.3d 110, 115; State v. Hook (Aug. 6, 1997), 3d Dist. No. 9-97-21.
[8] See, State v. Klepatzki, 8th Dist. No. 81676, 2003-Ohio-1529, at ¶ 32. ("The court achieves consistency by weighing the sentencing factors. As such, the concept of consistency recognizes that enormous differences for the same statutory offense may exist due to the factual situations and offender characteristics." [Citations omitted]); State v.Turner, 8th Dist. No. 81449, 2003-Ohio-4933, at ¶ 34. ("Trial courts are given broad but guarded discretion in applying these objectives to their respective evaluations of individual conduct at sentencing.").
[9] State v. Thomas, 8th Dist. No. 82674, 2004-Ohio-1907, at ¶ 52. (R.C. 2929.11 "sets forth objectives for sentencing courts to achieve."); State v. Mayes, 8th Dist. No. 82592, 2004-Ohio-2014, at ¶ 45. ("R.C. 2929.11(B), however, does not require the trial court to engage in an analysis on the record to determine whether defendants who have committed similar crimes have received similar punishments. Rather, the statute indicates the trial court's comments made at the hearing should reflect the court considered that aspect of the statutory purpose in fashioning the appropriate sentence."). See also, State v.Austin, 8th Dist. No. 84142, 2004-Ohio-5736, at ¶¶ 44-45; Statev. Beasley, 8th Dist. No. 82884, 2004-Ohio-988, at ¶ 21.
[10] State v. Quine, 9th Dist. No. 20968, 2002-Ohio-6987, at ¶ 13; State v. Kingrey, 5th Dist. No. 04-CAA-04029, 2004-Ohio-4605, at ¶ 18. See also, State v. Agner, 3d Dist. No. 8-02-028, 2003-Ohio-5458, at ¶ 12.
[11] State v. Ryan, 1st Dist. No. C-020283, 2003-Ohio-1188, at ¶ 10 (Citations omitted) ("The task of the appellate court is to examine the available data not to determine if the trial court has imposed a sentence that is in lockstep with others, but whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although offenses may be similar, distinguishing factors may justify dissimilar sentences.") See, State v. Georgakopoulos, 8th Dist. No. 81934, 2003-Ohio-4341, at ¶ 19.
[12] The result in State v. Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, L-00-1028, may well have been the same had the record reflected that the trial court did not follow the proper analysis before sentencing an offender to prison for the first time.