DECISION AND JUDGMENT ENTRY
{¶ 1} This is a sentencing appeal on grounds of "consistency" following Susan Donahue's guilty plea from the Wood County Court of Common Pleas. We affirm in part and reverse in part the sentence and remand for proceedings consistent with this decision.
 {¶ 2} Donahue was indicted January 3, 2003, on three third degree felony counts of money laundering, violations of R.C. 1315.55, and one first degree felony count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1)(B)(1). Ultimately, Donahue pled guilty to one money laundering count and was sentenced to three years of community control, which included fines totaling $6,500.
 {¶ 3} Donahue now appeals and raises a single assignment of error: "Appellant's sentence was contrary to law in that it was not consistent with sentences imposed for similar offenders under the very same circumstances, and as mandated by O.R.C. § 2929.11(B)." In support of this assignment, she offers two other cases where the defendant was convicted of money laundering and received fines of $5,000 and $4,000 respectively.
 {¶ 4} When a sentence is appealed, an appellate court may not disturb it unless the court finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(2). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, at paragraph three of the syllabus. We are not to substitute our judgment for that of the trial court or defer to the trial court's discretion. State v. Altalla, 10th Dist. No. 03AP-1127, 2004-Ohio-4226, at ¶ 7. See also, R.C. 2953.08(G)(2). The record to be examined by a reviewing court includes the presentence investigative report, the trial court record, and any sentencing hearing statements. R.C. 2953.08(F)(1)-(3). See also, State v. Boshko (2000),139 Ohio App.3d 827, 835.
 {¶ 5} R.C. 2929.11(A) requires that the sentencing judge be guided by "the overriding purposes of felony sentencing," which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) specifies that the sentence should be "reasonably calculated to achieve" these two overriding purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim," and be "consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 6} Unless a mandatory prison term is required, a court that imposes a felony sentence "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). "In exercising that discretion, the court shall consider the factors set forth" in subdivisions (B), (C), (D) and (E) of R.C. 2929.12. Id. These factors relate to the seriousness of the offense and the likelihood that the offender will commit future crimes. The sentencing court also may consider additional factors that it finds relevant to achieving R.C.2929.11's purposes and principles. Id.
 {¶ 7} The third degree felony for which Donahue was convicted has a prison term range of one, two, three, four, or five years. R.C.2929.14(A)(3). Third degree felonies carry neither a presumption for or against a prison term, R.C. 2929.13(C). Donahue received a sentence of three years of community control. As a first time felony offender, before she could have been sent to prison, certain requirements would have to have been met. See, R.C. 2929.14(B); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at paragraph two of the syllabus. As it was, the trial court did not believe a prison term was necessary for Donahue, a first time offender. After it conducted the required hearing, the court imposed a term of community control upon her, an allowable sentence.
 {¶ 8} Donahue argues that her sentence was contrary to law because it was not "consistent" with similar sentences levied upon similar offenders. Recently, we decided State v. Lathan, 6th Dist. No. L-03-1188, 2004-Ohio-7074, at ¶ 22, holding: "R.C. 2929.11(B) does not say that `consistency' is an overriding purpose of sentencing. [Instead, it says] the two overriding purposes of felony sentencing are `to protect the public from future crime by the offender and others and to punish the offender.' Consistency, on the other hand, is to be statutorily considered as but one of a number of factors, rather than as an `overriding purpose' of sentencing." Additionally, we followed the prevailing logic in Ohio that "consistency" in sentencing does not mean that the trial court has to levy sentences that are "uniform." Id., at ¶ 23. (Citations omitted.)
 {¶ 9} We thus repudiated the idea of mandatory consistency set forth in State v. Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, L-00-1028. Our decision in Lathan now invalidates Donahue's argument that her sentence was inconsistent. A three year sentence of community control was within the range of allowable sanctions under R.C. 2929.15(A)(1) and R.C. 2929.17.
 {¶ 10} In addition, two of Donahue's various fines were within the proper range for someone committing the third degree felony offense of money laundering. Under R.C. 2929.18(A)(3)(c), when a fine is imposed for a third degree felony, it may not be for more than $10,000. Here, Donahue was fined $2,500, which is within the acceptable range; thus, that fine was proper. R.C. 1315.55(B), which is part of Ohio's money laundering statute, also allows for a fine to be imposed: "In addition to the criminal sanctions imposed under section 1315.99 of the Revised Code, the sentencing court may impose upon a person who violates division (A) of this section an additional fine of three times the value of the property involved in the transaction. The fine shall be paid to the state treasury to the credit of the general revenue fund." The fine imposed under this section was $1,500, which was proper since the amount was three times the value of the transaction of $500.
 {¶ 11} The penalty section of the money laundering statute, R.C.1315.99(C), further describes the possibility of an additional fine: "Whoever violates division (A) of section 1315.55 of the Revised Code is guilty of money laundering. A violation of division (A)(1), (2), (3), (4), or (5) of that section is a felony of the third degree, and, inaddition, the court may impose a fine of seven thousand five hundreddollars or twice the value of the property involved, whichever isgreater." (Emphasis added.) Pursuant to this section, the court had discretion, but was not required, to impose an additional fine of $7,500 fine (being greater than $1,000, twice the property value). Here, the fine of $2,500 was not authorized and, hence, was improper. Donahue's sole assignment of error is, therefore, found well-taken in part as being contrary to law.
 {¶ 12} The judgment of the Wood County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this decision. Appellant is ordered to pay the court costs of this appeal as specified under App.R. 24.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Lanzinger, Judges. Concur.
Arlene Singer, J. Dissents in part and concurs in part.