DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Wood County Court of Common Pleas' May 25, 2005 judgment of conviction of defendant-appellant, Jan Eric Jones, following his guilty plea to driving under the influence of alcohol in violation of R.C.4511.19(A)(1), a third degree felony. For the following reasons we affirm the trial court's judgment.
 {¶ 2} On March 17, 2005, appellant was indicted on one count of driving under the influence of alcohol, in violation of R.C.4511.19(A)(1). The charges stem from the February 19, 2005 incident where an Ohio State Highway Patrol trooper stopped appellant for traveling approximately 107 m.p.h. on Interstate 75 in Wood County, Ohio. On April 4, 2005, appellant entered a not guilty plea.
 {¶ 3} On April 11, 2005, appellant entered a guilty plea pursuant to a plea agreement with the state. In return for appellant's plea, the state agreed to recommend that appellant attend and complete an inpatient drug and alcohol treatment program, that a minimum $800 fine be imposed, and that appellant receive a Class II license suspension. Appellant requested that a presentence investigation report be completed.
 {¶ 4} On May 23, 2005, appellant was sentenced to the maximum sentence of five years of imprisonment and ordered to participate in a drug and alcohol treatment program while in prison. Appellant's driver's license was permanently suspended and the vehicle used in the offense, if registered in appellant's name, was ordered to be forfeited. This appeal followed.
 {¶ 5} Appellant raises the following four assignments of error:
 {¶ 6} "I. The trial court abused its discretion and erred to the prejudice of appellant by imposing a maximum sentence on appellant contrary to the provisions of O.R.C. 2929.14.
 {¶ 7} "II. The trial court abused its discretion and erred to the prejudice of appellant by disregarding consistency requirements mandated by O.R.C. 2929.11(B).
 {¶ 8} "III. The trial court denied appellant's constitutional rights when it failed to comply with requirements of Criminal Rule 11(C) in determining that his plea was a knowing, intelligent and voluntary plea.
 {¶ 9} "IV. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth andFourteenth Amendments to the United States Constitution and Article I, § 10
of the Constitution of the State of Ohio."
 {¶ 10} In appellant's first assignment of error he argues that the trial court abused its discretion when it ordered appellant to serve the maximum five-year prison sentence. Specifically, appellant contends that he was being "set up" at the plea hearing to believe that he would receive a lenient penalty of community control sanctions or a lesser imprisonment sanction and that the trial court was unduly hostile and emotional during the sentencing.[1]
 {¶ 11} At the April 11, 2005 plea hearing, the following exchange took place:
 {¶ 12} "THE COURT: All right. Now, on the second page there is the agreement which we just talked about on the record. And, again, it tells me that in exchange for your plea here today the State will recommend community control sanctions for a period of three years and that as a condition of that they will recommend the SEARCH program and a Class II license suspension. You mentioned a fine, but that is not here.
 {¶ 13} "MR. OHANIAN: The minimum fine is $800 and that would be the State's recommendations.
 {¶ 14} "THE COURT: The minimum?
 {¶ 15} "MR. Hart: Yes, sir.
 {¶ 16} "THE COURT: Do you understand those recommendations?
 {¶ 17} "THE DEFENDANT: Yes, sir.
 {¶ 18} "THE COURT: You understand also, Mr. Jones, that I very well may accept that recommendation, but it's my decision on your sentence?
 {¶ 19} "THE DEFENDANT: Yes, sir."
 {¶ 20} The written plea agreement clearly indicated that the maximum prison sentence was five years. The record is devoid of evidence which would demonstrate that the trial court was inclined to impose a lenient sentence.[2] Upon review of the record, we cannot say that the trial court abused its discretion in sentencing appellant to the maximum term under R.C.2929.14(A). Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 21} In appellant's second assignment of error, he agues that in sentencing appellant to the maximum prison term, the trial court failed to adhere to the consistency requirement of R.C. 2929.11(B). In support of this argument, appellant relies on the decision of this court in State v. Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, L0-0-1028, wherein we reversed the defendant's sentence as not being consistent "with sentences imposed in similar crimes committed by similar offenders."
 {¶ 22} Subsequently, Williams was overruled by this court in State v. Lathan, 6th Dist. No. L-03-1188, 2004-Ohio-7074. InLathan, finding that a comparison of "similar" cases was not mandated, we noted that "[e]ach case is necessarily, by its nature, different from every other case-just as every person is, by nature, not the same." Id. at ¶ 25. The court further observed than when a consistency argument is raised, what is truly being contested is whether the sentence is supported by the record. Id. at ¶ 27. See State v. Holt, 6th Dist. No. E-04-004,2005-Ohio-1554; State v. Donahue, 6th Dist. No. WD-030-83,2004-Ohio-7161.
 {¶ 23} Appellant does acknowledge the fact that Williams
was overruled; however, he cites a legal article praisingWilliams and criticizing the Lathan and Donahue decisions in light of the Supreme Court of Ohio's decision in State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. Although interesting, the article has no bearing on this court's desire to follow its own precedent. Further, in light of the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the article, and it's reliance on Comer, is antiquated. Appellant's second assignment of error is not well-taken.
 {¶ 24} In appellant's third assignment of error he argues that the trial court failed to comply with the requirements under Crim.R. 11(C) prior to accepting his guilty plea. Particularly, appellant contends that the court failed to inform him of the effect of the five-year maximum sentence with regard to the availability of judicial release.[3]
 {¶ 25} Crim.R. 11(C) provides, in part:
 {¶ 26} "(C) Pleas of guilty and no contest in felony cases
 {¶ 27} "* * *
 {¶ 28} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 29} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 30} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 31} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 32} The purpose of Crim.R. 11(C) is to aid in the determination of the voluntariness of a defendant's plea. Statev. Nero (1990), 56 Ohio St.3d 106, 107. Literal compliance with the rule is preferred; however, vacation of a plea is not required where the reviewing court determines that there has been substantial compliance. Id. at 108, citing State v. Stewart
(1977), 51 Ohio St.2d 86, 92-93. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 33} Keeping this standard in mind, we reviewed the transcript of the plea hearing and the written plea agreement with the state. At the hearing, appellant was informed that by entering a guilty plea he was giving up his right to a jury trial, his right to confront witnesses, his right to compulsory process, and his right not to testify, and the state's burden of proof beyond a reasonable doubt.
 {¶ 34} The court questioned appellant about the written plea agreement which set forth the maximum penalty for the offense. Appellant had initialed each paragraph of the agreement and indicated that he understood its contents. Appellant also indicated that he was satisfied with his attorney's advice and preparation of the case.
 {¶ 35} Appellant now argues that the trial court was required to inform him that if he received the maximum sentence, under R.C. 2929.20 he would not be eligible for judicial release until serving four years of that sentence. Appellant argues that had he been made aware of this fact he would have not entered his plea.
 {¶ 36} We first note that although appellant believed that he was going to receive a lesser sentence, appellant was aware that the maximum prison sentence was five years. Next, appellant neither suggests, nor is there any evidence in the record that he was informed, either by counsel or the court, that he could be eligible for judicial release upon serving 180 days of his sentence. Finally, had appellant's plea been made under such mistaken belief he should have filed a motion to withdraw his plea under Crim.R. 32.1. See State v. Florence, 3d Dist. No. 1-03-60; 2004-Ohio-1956. (Trial court erred in denying Crim.R. 32.1 motion to withdraw guilty plea where defendant wasmisinformed regarding eligibility for judicial release.) Accordingly we find that the trial court substantially complied with Crim.R. 11(C), and that appellant's plea was knowing and voluntary.
 {¶ 37} Appellant's third assignment of error is not well-taken.
 {¶ 38} In appellant's fourth and final assignment of error he argues that his trial counsel was ineffective because he requested the preparation of a presentence investigation ("PSI") report. Appellant suggests that the report, including his extensive prior criminal record, was "paraded" before the court and "served to prejudice the trial court in its sentencing of appellant."
 {¶ 39} The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under theSixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v. Washington (1984),466 U.S. 668, 686-687, 104 S.Ct. 2052, 80 L.Ed.2d 674. In essence, appellant must show that the proceedings, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693. Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his or her duties in an ethical and competent manner. State v. Hamblin
(1988), 37 Ohio St.3d 153, 155-56. Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. State v. Phillips,74 Ohio St.3d 72, 85, 1995-Ohio-171. Even if the wisdom of an approach is debatable, "debatable trial tactics" do not constitute ineffective assistance of counsel. Id. Finally, reviewing courts must not use hindsight to second-guess trial strategy, and must bear in mind that different trial counsel will often defend the same case in different manners. Strickland, supra at 689;State v. Keenan, 81 Ohio St.3d 133, 152, 1998-Ohio-459.
 {¶ 40} In the present case, the plea agreement specifically provides that the state would not oppose community control sanctions. Pursuant to Crim.R. 32.2,[4] appellant would not have been eligible for community control absent the preparation of the PSI report. Thus, as the state correctly notes, trial counsel would have committed an error had he not requested the report. In light of appellant's extensive prior criminal record, there was an obvious risk that the PSI report could negatively impact the court's sentencing decision; however, although the decision to prepare the report (following the court's imposition of the maximum sentence) may now be debatable counsel's performance was not constitutionally ineffective. Appellant's fourth assignment of error is not well-taken.
 {¶ 41} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Parish, J. concur.
[1] We note that although appellant submitted an App.R. 21(H) notice to supplement the Ohio Supreme Court case of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, he failed to raise the constitutionality of his sentence as an assignment of error. Further, Ohio courts have held that where a defendant who was sentenced post-Blakely v. Washington (2004), 542 U.S. 296,120 S.Ct. 2348, 159 L.Ed.2d 403, and fails to raise a constitutional challenge to his sentence in the trial court, the Blakely
argument is waived on appeal. See State v. Payne, 10th Dist. No. 05AP-517, 2006-Ohio-2552; State v. Duffield, 9th Dist. No. 22634, 2006-Ohio-1823.
[2] In fact, the court's denial of appellant's request for a short furlough due to "a number of DUI's" would suggest that the court was more likely to impose a harsher sentence.
[3] R.C. 2929.20, the judicial release statute, provides, in relevant part:
"(B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. The court shall not reduce the stated prison term of an offender who is not an eligible offender. An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:
"* * *.
"(2) Except as otherwise provided in division (B)(3) or (4) of this section, if the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution.
"(3) If the stated prison term is five years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term."
[4] Crim.R. 32.2 provides: "In felony cases the court shall * * * order a presentence investigation and report before imposing community control sanctions or granting probation."