DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Brandon Holt, appeals as of right from judgments of conviction and sentences for aggravated murder, rape, and aggravated burglary by the Erie Court of Common Pleas. He was sentenced to a total term of incarceration of life in prison without parole for 40 years. For the following reasons, we affirm appellant's convictions and sentences.
 {¶ 2} Defendant was indicted by an Erie County grand jury for nine counts arising from a single incident. The most serious count was aggravated murder with a death-penalty specification. Appellant entered a plea of not guilty to all counts of the indictment.
 {¶ 3} Before trial, appellant consented to a plea agreement whereby he would plead guilty to three counts of the indictment: aggravated murder, a first degree felony and a violation of R.C. 2903.01(A); rape, a first degree felony and a violation of R.C. 2907.02(A)(2); and aggravated burglary, a first degree felony and a violation of R.C. 2911.11(A)(1). In exchange, the prosecution agreed to dismiss the remaining counts of the indictment and the death penalty specification.
 {¶ 4} On January 2, 2004, appellant appeared before the trial court and the plea agreement was read into the record. The trial court conducted a colloquy with appellant, ascertained that his agreement was voluntary and knowing, and appellant acknowledged his consent to the plea agreement.
 {¶ 5} At the end of the colloquy, the trial court accepted appellant's guilty pleas to aggravated murder, felony unspecified, rape, and aggravated burglary according to the plea agreement, and entered both oral and written findings of guilty of those charges on the record. Appellant does not appeal the tender of his pleas or his convictions.
 {¶ 6} The trial court immediately proceeded to sentencing. Appellee introduced evidence of appellant's prior juvenile adjudications and evidence of his prior adult convictions for domestic violence, a misdemeanor, and possession of criminal tools, a felony of the fifth degree. For the latter conviction, appellant had received community control sanctions; those sanctions were in effect at the time these crimes occurred. Appellant stipulated to the admission of each exhibit, and he stipulated that the instant convictions constituted a violation of the community control sanctions. The court also received into evidence a portion of the victim autopsy report, and the court heard three victim impact statements.
 {¶ 7} For the conviction for aggravated murder, the court sentenced appellant to life in prison without possibility of parole for 20 years, the mandatory sentence pursuant to R.C. 2929.13(F). Appellant was then sentenced to a term of ten years for rape, the statutory maximum for that offense pursuant to R.C. 2929.14(A)(1), and a term of ten years for the offense of aggravated robbery, also the statutory maximum sentence pursuant to R.C. 2929.14(A)(1). The trial court ordered the sentences for each offense to run consecutively, for a total term of incarceration of life in prison without possibility of parole for 40 years.
 {¶ 8} The trial court then considered appellant's eligibility for habitual sex offender status pursuant to R.C. 2950.01 et seq. The parties stipulated to a classification of habitual sex offender. R.C. 2950.01(B). The trial court then gave appellant the required warnings and information regarding his future reporting requirements pursuant to R.C. 2950.03. Appellant does not appeal this classification.
 {¶ 9} The trial court subsequently proceeded to hear case CR-303, appellant's violation of the terms of his community control sanctions imposed for possession of criminal tools. The trial court imposed a term of nine months for this offense, with credit for time served. The nine month sentence was ordered to run consecutively to the sentences imposed for aggravated murder, rape, and aggravated burglary.
 {¶ 10} From that judgment, appellant now brings this appeal as of right and asserts the following assignments of error:
 {¶ 11} "I. The trial court erred in imposing its sentence in 2002-CR-337 by considering alleged offense conduct which had been dismissed as part of the plea agreement reached in that case.
 {¶ 12} "II. The trial court erred by imposing consecutive terms of imprisonment in 2002-CR-337 when it failed to provide adequate reasons for the findings required by R.C. 2929.14(E)(4).
 {¶ 13} "III. The trial court erred by imposing the sentence in 2001-CR-303 consecutive to the sentence imposed in 2002-CR-337 when it failed to provide adequate reasons for the findings required by R.C.2929.14(E)(4).
 {¶ 14} "IV. The trial court erred in imposing maximum sentences in each of counts three and six in 2002-CR-337.
 {¶ 15} "V. The trial court erred when it imposed more than minimum concurrent sentences on the basis of facts not found by a jury beyond a reasonable doubt and not admitted by Mr. Holt as part of his guilty plea or at sentencing.
 {¶ 16} "VI. The trial court erred in imposing more than the minimum sentence of six months for the violation of community control sanctions in 2001-CR-303.
 {¶ 17} "VII. The trial court failed to adequately ensure that its total sentence was proportionate to sentences being given to similarly situated offenders who have committed similar offenses."
 {¶ 18} A trial court's sentence will not be disturbed unless there is clear and convincing evidence that the sentence is contrary to law. R.C.2953.08(G)(2)(b); State v. Stern (2000), 137 Ohio App.3d 110, 114. Clear and convincing evidence must "`produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" State v. Bay (2001), 145 Ohio App.3d 402, 405, quotingCross v. Ledford (1954), 161 Ohio St. 469, 477. The record to be examined by a reviewing court includes the presentence investigative report, the trial court record, and any sentencing hearing statement. R.C.2953.08(F)(1)-(3).
 {¶ 19} We look to the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record supporting those findings; and (4) properly applied the statutory guidelines. SeeState v. Comer (2003), 99 Ohio St.3d 463. "Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." In re Mental Illness of Thomas
(1996), 108 Ohio App.3d 697, 700.
 III and VI. {¶ 20} For efficiency's sake, we address appellant's third and sixth assignments of error out of turn. In his third assignment of error, appellant argues that the sentence imposed for his violation of community control sanctions should not run consecutively to the sentences imposed for aggravated murder, rape, and aggravated burglary.[1] Appellant waived his right to a hearing on the issue of whether he violated the sanctions, and admitted that the sanctions were violated when he committed the aforementioned crimes. He was sentenced to a term of nine months, ordered to run consecutively to the term of life without parole for 40 years. Appellant's sixth assignment of error challenges the trial court's imposition of more than the minimum sentence for the violation.
 {¶ 21} This court may not address these assignments of error because they relate to a case which appellant has not appealed. App.R. 4 requires a notice of appeal to be filed with the clerk of the trial court within 30 days from the entry of the judgment appealed. Appellant's notice of appeal for this appeal only lists CR-337 as the case appealed, and not CR-303. Therefore, appellant has not appealed CR-303; we may not address any assignment of error challenging the trial court's judgment in that case. Appellant's third and sixth assignments of error, and related arguments in other assignments of error, are therefore disregarded.
 I. {¶ 22} In his first assignment of error, appellant argues that the trial court improperly considered the death penalty specifications which were dismissed before sentencing. Appellant cites Blakely v. Washington
(2004), ___ U.S. ___, 124 S.Ct. 2531, and State v. Russo (May 31, 2001), 8th Dist. No. 78096, for the rule that a trial court errs by imposing a sentence based upon a belief that the defendant committed offenses other than those for which the defendant was convicted.
 {¶ 23} When the trial court had finished pronouncing its sentence for all three convictions, it stated, "This [sentence] may seem harsh to some of you folks, but again, Defendant's life was spared in this case, not by myself but, well, but potentially by the Prosecutor and the victim's family. And so if you look at it in that context, 40 years without parole is not so harsh in my mind."
 {¶ 24} We need not examine Blakley in order to conclude that appellant's argument lacks merit. The trial court's statement does not demonstrate that the trial court considered the dismissal of the death penalty specification as supportive of the sentences imposed. The statement was made only after each sentence, for each conviction, was pronounced. In the overall context of the hearing transcript, the statement is more akin to a passing observation in closing the proceeding or a superfluous remark to the forum at large. For that reason, appellant's first assignment of error is not well-taken.
 II. {¶ 25} In his second assignment of error, appellant argues that the trial court erred when it ordered the prison terms for aggravated murder, rape, and aggravated burglary to run consecutively to each other. In order to impose consecutive sentences for multiple offenses, a trial court must find three factors pursuant to R.C. 2929.14(E)(4). "First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." State v. Comer (2003) 99 Ohio St.3d 463, 466 (internal citations omitted). Those circumstances are listed as follows:
 {¶ 26} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 27} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 28} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
 {¶ 29} A trial court must also comply with R.C. 2929.19(B) in order to impose consecutive sentences. Comer, 99 Ohio St.3d at 467. This statute governs requirements for sentencing hearings. A trial court must orally state the findings and its reasons on the record at the sentencing hearing; the duty to make the findings is separate and distinct from the duty to give reasons for selecting consecutive sentences. Id. at paragraph one of the syllabus.
 {¶ 30} At the sentencing hearing, the trial court made the following findings on the record: (1) consecutive sentences are necessary to protect the public from future crimes and to punish appellant based upon his acts; (2) consecutive sentences are not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public; (3) when this crime was committed, appellant was under community control sanctions for a previous crime; (4) the harm caused was so great and unusual that no single prison term would reflect the seriousness of appellant's conduct; (5) appellant's history of criminal conduct necessitates protecting the public from future crimes.
 {¶ 31} Appellant cites State v. Gary (2001), 141 Ohio App.3d 194, for the rule that a trial court must do more than merely state the required statutory findings on the record; the trial court must also make some "logical connection" between the findings and the factual reasons supporting the findings. Id. at 197. However, the Gary opinion explicitly stated that it found no demonstrable support for the finding that consecutive sentences were not disproportionate to that defendant's conduct. Gary is inapposite here, where the trial court had clear and convincing evidence in support of its findings. Where the record shows clear and convincing evidence in support of the trial court's findings, and the sentence is not contrary to law, an appellate court may not disturb a sentence on appeal. R.C. 2953.08(G); State v. Garcia (1998),126 Ohio App.3d 485, 487.
 {¶ 32} Upon review of the sentencing hearing transcript, the indictment, and the evidence considered, we find that there was clear and convincing evidence to support the trial court's findings. Appellant committed aggravated murder and rape after breaking and entering into the victim's home. The trial court found, considering the autopsy report, that the victim suffered multiple stab wounds, skull fractures, was beaten and sexually assaulted. The brutality inflicted demonstrated the seriousness of appellant's conduct, and consecutive sentences are not disproportionate to its seriousness. Appellant's criminal history is such that it amply supports a finding that consecutive sentences are necessary to protect the public from future crimes. These crimes were committed while appellant was under community control sanctions for a separate felony offense. The trial court specifically explained that it considered the brutality of appellant's crimes when finding that consecutive sentences are not disproportionate to the degree of seriousness. Thus, clear and convincing evidence supported the trial court's imposition of consecutive sentences. In light of these findings, appellant's other arguments in support of this assignment of error are unfounded, especially his argument that the harm from the rape and aggravated burglary was not "great or unusual." Upon consideration of the trial court's findings and the evidence in support, appellant's second assignment of error is not well-taken.
 IV. {¶ 33} Appellant also challenges the trial court's imposition of maximum sentences for the crimes of rape and aggravated burglary. Appellant argues that the trial court's comments characterizing his conduct as "heinous" and "brutal" are insufficient to constitute a finding in support of the sentencing criteria.
 {¶ 34} Appellant is incorrect. Although Ohio's sentencing statutes disfavor maximum sentences, State v. Edmonson (1999), 86 Ohio St.3d 324, a trial court may impose a maximum sentence if it finds that at least one criteria listed in R.C. 2929.14(C) applies. A defendant must have committed the worst form of the offense, pose the greatest likelihood of committing future crimes, or the maximum term must be required by law. R.C. 2929.14(C). The trial court must also give oral or written reasons for imposing a maximum sentence. R.C. 2929.19(B)(2)(d)-(e). A term of ten years is the maximum sentence for a first degree felony pursuant to R.C.2929.14(A)(1).
 {¶ 35} The trial court not only complied with the sentencing statutes by stating reasons in support of the maximum sentences at the sentencing hearing, it also had clear and convincing evidence in support of those reasons. In support of its finding that appellant poses a likelihood of future criminal acts, the trial court found that appellant had previously been adjudicated a delinquent child and was under community control sanctions at the time of the offense. R.C. 2929.12(D)(1)-(2). In support of its finding that appellant committed the worst form of the offense, the trial court found that the victim suffered serious physical and psychological harm as a result of the offense, R.C. 2929.12(B)(2), and that appellant's relationship with the victim facilitated the offense. R.C. 2929.12(B)(6). Thus, the trial court had evidence and reasons in support of its finding that appellant committed the worst form of the offense and poses a likelihood of committing future crimes pursuant to R.C. 2929.14(C).
 {¶ 36} Accordingly, appellant's fourth assignment of error is not well-taken.
 V. {¶ 37} Next, appellant argues that his sentences are contrary to law pursuant to the United States Supreme Court's decision inBlakely v. Washington (2004), ___ U.S. ___, 124 S.Ct. 2531.
 {¶ 38} Specifically, appellant argues that the trial court improperly found, in violation of his 6th Amendment right to trial by jury, facts that increased his sentence beyond the minimum concurrent sentence presumed by Ohio's sentencing scheme. Appellant states that because he had not been previously imprisoned, R.C. 2929.14(B) grants a presumption that only minimum concurrent sentences should be imposed, and thus the trial court's findings in justification of a departure from that presumption violates his 6th Amendment right as articulated in Blakely.
 {¶ 39} This court has recently joined other Ohio appellate courts in holding that Blakely does not apply to Ohio's sentencing scheme. Statev. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217. Further analysis is therefore unnecessary, and pursuant to Curlis, appellant's fifth assignment of error is not well-taken.
 VII. {¶ 40} In his seventh and last assignment, appellant argues that his sentence was impermissibly disproportionate to similar offenses committed by similar offenders. Appellant's argument for proportionality is in actuality an argument for "consistency" between his sentence and the sentences of similarly situated offenders. This court has expressly repudiated a requirement that a trial court compare sentences for "consistency." See State v. Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, L-00-1028, overruled as stated in State v. Lathan, 6th Dist. No. L-03-1188, 2004-Ohio-7074, at ¶ 28; State v. Donahue, 6th Dist. No. WD-03-083, 2004-Ohio-7161, at ¶ 9. Those decisions invalidate appellant's argument. Thus, appellant's seventh assignment of error is not well-taken.
 {¶ 41} For the foregoing reasons, the judgment of convictions and the sentences imposed upon appellant by the Erie Court of Common Pleas is affirmed. Costs to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J. Parish, J., Concur.
[1] CR-337 is the case number for the crimes of aggravated murder, rape, and aggravated burglary. CR-303 is the case number for appellant's conviction for possession of criminal tools for which he was originally given a suspended sentence and community control sanctions.