DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Brandon Holt, appeals the judgment of the Erie County Court of Common Pleas. This is appellant's second appeal as of right. On January 2, 2004, appellant entered pleas of guilty to aggravated murder, a first degree felony and a *Page 2 
violation of R.C. 2903.01(A); rape, a first degree felony and a violation of R.C. 2907.02(A)(2); and aggravated burglary, a first degree felony and a violation of R.C. 2911.11(A)(1).
 {¶ 2} "For the conviction for aggravated murder, the court sentenced appellant to life in prison without possibility of parole for 20 years, the mandatory sentence pursuant to R.C. 2929.13(F). Appellant was then sentenced to a term of ten years for rape, the statutory maximum for that offense pursuant to R.C. 2929.14(A)(1), and a term of ten years for the offense of aggravated robbery, also the statutory maximum sentence pursuant to R.C. 2929.14(A)(1). The trial court ordered the sentences for each offense to run consecutively, for a total term of incarceration of life in prison without possibility of parole for 40 years." State v.Holt, 6th Dist. No. E-04-004, 2005-Ohio-1554, ¶ 7.
 {¶ 3} In his first appeal as of right, we affirmed appellant's conviction and sentence. Id., ¶ 41. He appealed to the Supreme Court, which reversed his sentence and remanded the matter to the trial court for resentencing in accordance with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 57.
 {¶ 4} On September 21, 2006, the trial court, applying State v.Foster, supra, imposed an identical sentence. Appellant raises a single assignment of error for review:
 {¶ 5} "The retroactive application of State v. Foster, eliminating statutory presumptions of minimum, concurrent, terms of incarceration for persons never serving *Page 3 
prior prison terms, violates the Ex Post Facto and Due Process Clauses of the state and federal Constitutions."
 {¶ 6} On the authority of State v. Coleman, 6th Dist. No. S-06-023,2007-Ohio-448, appellant's assignment of error is found not well-taken. See, also, State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030. Since appellant's terms of incarceration were properly imposed, the assignment of error is not well-taken.
 {¶ 7} We must, however, sua sponte find error in the resentencing hearing. The trial court failed to notify appellant of post-release control at the sentencing hearing as required by R.C. 2929.19(B)(3)(c). The journal entry of sentencing states that appellant "is hereby notified that upon serving his sentence, he shall be supervised after leaving prison for a mandatory period of years of post release control." Upon review of the resentencing hearing transcript, we find that the trial court failed to orally inform appellant that he would be subject to post-release control. R.C. 2929.19(B)(3)(c) applies to resentencing hearings. State v. Ayers, 6th Dist. No. E-05-079, 2006-Ohio-5108,¶ 19. Failure to follow this requirement requires a remand for resentencing. State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, syllabus.
 {¶ 8} The sentencing judgment of the Erie County Court of Common Pleas is therefore vacated and this matter remanded for resentencing. Appellee is ordered to pay the costs of this appeal, pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Erie County.
 JUDGMENT REVERSED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1