DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Paul Baccus, appeals from his conviction in the Lucas County Court of Common Pleas for aggravated robbery. For the reasons that follow, we affirm.
 {¶ 2} On July 18, 2005, appellant entered a guilty plea to the charge of aggravated robbery, a violation of R.C. 2911.01(A)(1) and a felony of the first degree. He was sentenced to eight years in prison. On October 25, 2006, this court granted *Page 2 
appellant leave to file a delayed appeal. He now asserts the following assignment of error:
 {¶ 3} "The trial court's sentence must be remanded to the trial court for resentencing in light of State v. Foster, or, in the alternative, trial counsel was ineffective in not raising the Foster issue."
 {¶ 4} In sentencing appellant to eight years in prison, the court found that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public. He was ordered to serve the sentence consecutively to his sentence for a parole violation. Appellant contends that his non-minimum, consecutive sentence is now void in light of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In Foster, the Ohio Supreme Court found that by imposing non-minimum or consecutive sentences pursuant to Ohio sentencing guidelines, the trial court engaged in fact-finding found unconstitutional in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531. Appellant contends that his void sentence must be remanded for resentencing. Appellee agrees and concedes that the case must be remanded.
 {¶ 5} Recently, in State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, the Ohio Supreme Court addressed the issue of resentencing afterFoster.
 {¶ 6} In Payne, the appellant was convicted of four felony offenses pursuant to an "Alford" plea. North Carolina v. Alford (1970),400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. The trial court sentenced Payne to four consecutive sentences. Payne's indictment was pre-Blakely whereas his plea and sentencing were post-Blakely. Payne did not object *Page 3 
to the sentence in the trial court; however, he appealed his sentence to the Tenth District Court of Appeals claiming a Sixth Amendment andBlakely error. The Tenth District Court of Appeals found that Payne had waived his Blakely argument and affirmed his conviction.
 {¶ 7} The Ohio Supreme Court, recognizing that it had remanded cases pursuant to Foster for resentencing with similar factual patterns, determined that these remands were not determinative of the issue as it had not been "raised at the time of the adjudication," quoting their decision in State ex rel. Gordon v. Rhodes (1952), 158 Ohio St. 129, 48 O.O. 64, 107 N.E.2d 206, paragraph one of the syllabus. Relying onUnited States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, the Ohio Supreme Court then addressed the issue finding that failure to raise an objection in the trial court after sentencing,post-Blakely, forfeits a claim for a Blakely error. However, a claim of plain error survives.
 {¶ 8} The Supreme Court of Ohio, following Washington v. Recuenco
(2006), ___ U.S. ___, 126 S.Ct. 2546, held that a Blakely type of error should be analyzed pursuant to Crim.R. 52, as a nonstructural constitutional error.[1] As Payne failed to *Page 4 
establish that his sentence would have been different "absent the error," State v Hill (2001), 92 Ohio St.3d 191, 203, the court held that there was no plain error.
 {¶ 9} Finally, the court addressed Payne's claim that the use of the word "void" by the Foster court in describing his sentence requires that he be resentenced. The court stated that:
 {¶ 10} "A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. State v.Wilson (1995), 73 Ohio St.3d 40, 44. Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously. State v. Filiaggi (1999), 86 Ohio St.3d 230, 240."Payne, supra.
 {¶ 11} The court held that Foster addressed a situation in which the trial courts had both subject-matter jurisdiction and personal jurisdiction over a defendant, and thus held that pre-Foster sentences within the statutory range are voidable. Resentencing can occur only after a successful direct appeal.
 {¶ 12} In this case, appellant was sentenced in 2005, beforeFoster was released in 2006. Appellant's sentence is therefore voidable. Appellant, however, did not object to *Page 5 
the constitutionality of his sentence at the sentencing hearing. Following Payne, we hold that appellant has forfeited[2] the issue for appellate purposes. Payne, at ¶ 21.
 {¶ 13} Pursuant to Payne, we are confined to a plain error analysis.
 {¶ 14} Post-Foster, it is axiomatic that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions. In its judgment entry, the trial court specifically stated that it had considered the purposes and principles of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The trial court additionally stated that it had considered the record and oral statements when making its decision.
 {¶ 15} Appellant in this case was convicted of a first degree felony which carries a maximum penalty of ten years. R.C. 2929.14(A)(1). The record shows that appellant has a lengthy record including five felony convictions, prison sentences and numerous parole revocations. At the time of his sentencing in this case, he was on parole for aggravated robbery. Upon review, this court cannot say that the trial court committed plain error in *Page 6 
sentencing appellant to eight years, well within the statutory range. Appellant's sole assignment of error is found not well-taken.
 {¶ 16} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J. Concur.
[1] The court defined a structural error as an error which requires an automatic reversal because it permeates the entire "framework within which the trial proceeds." Payne at ¶ 18, citing State v. Fisher,99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 9, quoting Arizona v.Fulminante (1991), 499 U.S. 279, 309-310, 111 S.Ct. 1246,113 L.Ed.2d 302. In Washington v. Recuenco, supra, the court reasoned that the failure to submit a sentencing factor to the jury is akin to failure to submit an element of an offense to the jury. In that the United States Supreme Court has held that the later omission does not render an entire trial fundamentally unfair, Neder v. United States, (1999), 527 U. S. 1,19-20, 119 S.Ct. 1827, 144 L.Ed.2d 35, the Payne court reasoned that aBlakely violation should be treated identically.
[2] The Payne court distinguished between forfeiture and waiver. "Waiver is the intentional relinquishment or abandonment of a right, and waiver of a right "cannot form the basis of any claimed error under Crim.R. 52(B)." * * * On the other hand, forfeiture is a failure to preserve an objection, and because Payne failed to timely assert his rights under Blakely, his failure to preserve the objection must be treated as a forfeiture. * * * "[A] mere forfeiture does not extinguish a claim of plain error under Crim.R. 52(B)." *Page 1