DECISION AND JUDGMENT ENTRY
{¶ 1} The sole issue in this appeal case is whether the Lucas County Court of Common Pleas erred in sentencing appellant, Michael J. Wheeler, on one count of aggravated vehicular homicide in violation of R.C.2903.06(A)(2)(a) and (B)(1) and (3), *Page 2 
a felony of the second degree; and on one count of failure to stop after an accident in violation R.C. 4945.02, a felony of the third degree.
 {¶ 2} Briefly, the facts of this action are as follows. On October 4, 2004, appellant was driving his gray and silver GMC pickup truck southbound on Wilkins Road in Swanton, Lucas County, Ohio. Appellant drove his vehicle over the center line and struck the motorcycle of Bobbie Domoe, who was driving northbound on Wilkins Road. As a result of the accident, Domoe was thrown from his motorcycle, suffered severe head injuries, and died. Appellant, who was driving under a suspended license and has an extensive history involving traffic offenses including a number of DUIs, did not stop at the scene of the collision. He subsequently abandoned his truck, which sustained severe damage to the right front tire, at a nearby bar, where he called his wife, who came and picked him up. Appellant later reported that his truck was stolen. He and his wife claimed that appellant was out-of-town when the fatal collision occurred.
 {¶ 3} Evidence gathered by the Ohio State Highway Patrol later proved that appellant was driving his truck at the time of the fatal accident. Based upon this evidence, the Lucas County Grand Jury indicted appellant on both counts as set forth above. However, the count of aggravated vehicular homicide was originally charged as a felony of the first degree. In addition, the indictment contained one count of driving while under the influence of alcohol, a drug of abuse, or a combination of both, in violation of R.C. 4511(A)(1) and (G)(1)(d), a felony of the fourth degree. *Page 3 
 {¶ 4} Appellant eventually entered a guilty plea, pursuant toNorth Carolina v. Alford (1970), 400 U.S. 25. In return, appellee, the state of Ohio, dismissed the count based upon the violation of R.C. 4511(A)(1) and (G)(1)(d) and reduced the charge of aggravated vehicular homicide to a felony of the second degree.
 {¶ 5} On March 21, 2006, the trial court entered a judgment sentencing appellant to the maximum number, eight years, in prison for the violation of R.C. 2903.06(A)(a) and (B)(1) and (3), the one count of aggravated vehicular homicide; and four years in prison for the violation of R.C. 4549.03, the one count of failure to stop after an accident. The court further ordered that these sentences were to be served consecutively. Eight years of appellant's sentence is a mandatory term. Appellant's motor vehicle driver's license was suspended for life as to the conviction for aggravated vehicular homicide and for four years as to the conviction for failure to stop after an accident; appellant was also ordered to pay the applicable costs of his supervision, confinement, assigned counsel, and prosecution, as authorized by law.
 {¶ 6} Appellant appeals his sentence pursuant to R.C. 2953.08. He asserts the following assignments of error:
 {¶ 7} "A. Appellant's sentence should be reversed and modified pursuant to Ohio Revised Code Section 2953.08(G)(1), as it was contrary to law and not supported by the record.
 {¶ 8} "1. Appellant's sentence was not consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 22929.11(B)" *Page 4 
 {¶ 9} "B. The two offenses for which Mr. Wheeler was convicted are allied offenses of similar import and his sentences should have been run concurrently with one another pursuant to R.C. 2941.25"
 {¶ 10} "C. The trial court errered [sic] when it made findings pursuant to R.C. 2929.14(C) as to why it was sentencing Mr. Wheeler to the maximum sentence for the offense of aggravated vehicular homicide in violation of State v. Foster (2006) 109 Ohio St.3d 1."
 {¶ 11} We first address the standard of review applicable to appellant's assignments of error. When a defendant appeals a sentence imposed pursuant to R.C. 2953.08, an appellate court may not disturb that sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record, or is "otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b). Clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus paragraph three of the syllabus.
 {¶ 12} In his Assignment of Error A, appellant, citing State v.Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, L-00-1028, argues that in sentencing him to the maximum prison term (eight years) on the aggravated vehicular homicide charge and in *Page 5 
ordering his sentences to be served consecutively, the trial court failed to adhere to the consistency requirement of R.C. 2929.11(B).
 {¶ 13} In Williams, we reversed the defendant's sentence as not being consistent "with sentences imposed in similar crimes committed by similar offenders." Id. Appellant discusses a number of cases in which the defendant was found guilty of aggravated homicide and/or involuntary manslaughter, but received a lesser sentence than appellant. Appellant fails to recognize, however, that this court subsequently overruledWilliams in State v. Lathan, 6th Dist. No. L-03-1188, 2004-Ohio-7074. InLathan, we determined that a comparison of similar cases was not mandated under R.C. 2929.11(B), noting that "[e]ach case is necessarily, by its nature, different from every other case-just as every person is, by nature, not the same." Id. at ¶ 25. See, also, State v. Donahue, 6th Dist. No. WD-03-083, 2004-Ohio-7161, at ¶ 9. Thus, we are no longer required to consider whether the trial court's sentence is consistent with those imposed in similar cases. Accordingly, appellant's assignment of error "A" is found not well-taken.
 {¶ 14} Appellant's Assignment of Error B alleges that aggravated vehicular homicide and the failure to stop after an accident are allied offenses of a similar import. To be an allied offense of similar import, a court determine whether the elements of each offense correspond in such a way that the commission of one offense automatically results in the commission of the other. State v. Rance, 85 Ohio St.3d 632,1999-Ohio-291. If the elements correspond with each other, the offenses are allied offenses of similar import, and the defendant may only be convicted of and sentenced for both *Page 6 
offenses if he committed the crimes separately or with a separate animus. Id. at 638-639, citing R.C. 2941.25(B) and State v. Jones
(1997), 78 Ohio St.3d 12, 14.
 {¶ 15} R.C. 2903.06(A)(2)(a) reads, in relevant part: No person, while operating * * * a motor vehicle * * * shall cause the death of another * * * in any of the following ways * * * recklessly." R.C. 4549.02
provides, as pertinent to this cause:
 {¶ 16} "(A) In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident until the driver or operator has given the driver's or operator's name and address and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision, or to any police officer at the scene of the accident or collision. * * *. In the event [an] injured person is unable to comprehend and record the information required to be given by this section, the other driver involved in the accident or collision forthwith shall notify the nearest police authority concerning the location of the accident or collision, and the driver's name, address, and the registered number of the motor vehicle the driver was operating, and then remain at the scene of the *Page 7 
accident or collision until a police officer arrives, unless removed from the scene by an emergency vehicle operated by a political subdivision or an ambulance.
 {¶ 17} "* * *
 {¶ 18} "(B) Whoever violates division (A) of this section is guilty of failure to stop after an accident, a misdemeanor of the first degree. If the violation results in serious physical harm to a person, failure to stop after an accident is a felony of the fifth degree. If the violation results in the death of a person, failure to stop after an accident is a felony of the third degree."
 {¶ 19} As can be readily ascertained, R.C. 2903.06(A)(2)(a) applies only to collisions or accidents wherein the driver operated his motor vehicle recklessly, and, in so doing, caused the death of another. For the statute to apply, the operator of the motor vehicle is not required to remain at the scene of the collision. In comparison, R.C. 4549.02
requires the drivers involved in a collision to remain at the scene until all necessary information, as set forth in the statute, is obtained, either by the persons involved or by the police. Drivingrecklessly and, thereby, causing another's death is not a element of this offense. We, therefore, conclude that the elements of aggravated vehicular homicide and failing to stop at the scene of an accident or collision do not correspond. Thus, they are not allied offenses of a similar import. Consequently, appellant's Assignment of Error B is found not well-taken.
 {¶ 20} In his Assignment of Error C, appellant contends that the trial court erred when it made factual findings, pursuant to R.C. 2929.14(C), as to why it was imposing *Page 8 
the maximum sentence of eight years for the violation of R.C.2903.06(A)(2)(a). Appellant asserts that in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, ¶ 97, the Ohio Supreme Court found that R.C.2929.14(C) unconstitutional because it required a court to consider facts that were not considered by the trier of fact, usually a jury, in determining whether to impose a maximum sentence.
 {¶ 21} Although he did not set forth an assignment of error as to the trial court's imposition of consecutive sentences, appellant makes the same contention with regard to comments made by the trial court in ordering that appellant's sentences are to be served consecutively. Again, in Foster, the court held that R.C. 2929.14(E)(4), which previously governed the imposition of consecutive sentences was unconstitutional because in required judicial fact finding. Id. at ¶ 67.
 {¶ 22} We agree with appellant, and appellee appears to concede, that the trial court, in sentencing appellant to maximum, consecutive sentences, employed some of the language previously required by the statutes found unconstitutional by the Foster court. For the following reason, however, we must find that, absent plain error, appellant forfeited his right to raise these issues on appeal.
 {¶ 23} In reaching a determination that certain provisions of Ohio's Criminal Sentencing Statute were unconstitutional, the Foster court followed Blakely v. Washington (2004), 530 U.S. 296. Id. at paragraph one of the syllabus. In a recent decision, the Ohio Supreme Court revisited the Foster holding and held that a defendant's lack of aBlakely "objection [to judicial fact finding in imposing a sentence] in the trial *Page 9 
court forfeits the Blakely issue for the purposes of appeal when the sentencing occurred after the announcement of Blakely." State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 31.
 {¶ 24} As applied to the present case, Blakely was decided on June 24, 2004. Appellant's sentencing hearing was held on March 20, 2006. Therefore, appellant was required to object to any alleged judicial fact finding at his sentencing hearing. Appellant failed to make the requisite objection. Consequently, his assignment of error can be examined only for plain error under Crim.R. 52(B). State v. Payne, 114 Ohio St.3d at ¶ 24. See, also, State v. Baccus, 6th Dist. No. L-06-1310,2007-Ohio-5991, ¶ 13.
 {¶ 25} Reversal for plain error is warranted only when the complaining party, in this case, the defendant, can prove that the outcome of his trial would have been different absent the claimed error. State v.Payne at ¶ 17, quoting State v. Hill (2001), 92 Ohio St.3d 191, 203,2001-Ohio-141. After Foster, trial courts have full discretion to impose a maximum sentence within the statutory range and to order that sentences be served consecutive to each other. Id. at paragraph three of the syllabus.
 {¶ 26} At the sentencing hearing, the trial judge delineated appellant's extensive record of motor vehicle violations and criminal offenses. These include a number of DUIs, arrests for driving while his license was under suspension, assault, attempted resisting and obstructing arrest, leaving the scene of an accident, and "open container" charges. In total, the court counted 21 offenses committed by appellant, most of which were related to his operation of a motor vehicle. Furthermore, the trial court, in its *Page 10 
judgment entry, complied with those general, required, sentencing guidance factors that remain post-Foster. Specifically, the court stated that in sentencing appellant, it considered the purposes and principles of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. Based upon this review, we cannot say that the trial court erred in sentencing appellant to a maximum term of eight years in prison for his violation of 2903.06(A)(2)(a) and (B)(1) and (3) or in ordering that the eight year sentence be served consecutively with the four year prison sentence imposed for the violation of R.C. 4945.02. Accordingly, the outcome of appellant's trial would not have been different, and appellant's Assignment of Error C is found not well-taken.
 {¶ 27} On consideration whereof, this court finds that appellant failed to offer clear and convincing evidence showing that the trial court's sentence was contrary to law, and the judgment of the Lucas County Court of Common Pleas is, therefore, affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 11 
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., and Arlene Singer, J., concur. *Page 1