DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Lucas County Court of Common Pleas after defendant-appellant, Michael R. Wilson, entered a plea of guilty to one count of burglary in violation of R.C. 2911.12(A)(3), a third degree felony. Appellant now challenges that sentence through the following assignment of error: *Page 2 
 {¶ 2} "The trial court imposed a sentence which was otherwise contrary to law and/or abused its discretion in its sentence of Mr. Wilson, where he was given a harsher sentence than that given to co-defendants who plead [sic] to higher degree felonies arising from the same underlying crime."
 {¶ 3} On June 26, 2006, appellant was indicted and charged with one count of aggravated burglary with a firearm specification, a first degree felony, and one count of aggravated robbery with a firearm specification, also a first degree felony. After initially entering a plea of not guilty to all charges, appellant, on August 21, 2006, in open court withdrew his not guilty plea and entered a plea of guilty to a reduced charge of burglary, a third degree felony. On September 14, 2006, the case came before the lower court for sentencing. Initially, however, the court questioned the prosecutor about two co-defendants who had entered guilty pleas before two other judges. Those co-defendants, along with appellant, had broken into an occupied structure, brandished weapons and robbed the individuals therein of property and drugs. Those co-defendants had also entered guilty pleas, although they both pled guilty to aggravated burglary, a first degree felony. The co-defendants were each sentenced to four years imprisonment. The trial judge in the present case then asked the prosecutor why the state was agreeing to a third degree felony in this case when it was apparent that appellant was the instigator and had actually fired his weapon into the ceiling during the commission of the offense. The prosecutor explained that there had been a miscommunication between him and the prosecutor who handled the plea. *Page 3 
 {¶ 4} After receiving that explanation, the court heard a statement from appellant regarding the circumstances of the offense, statements from appellant's counsel and the prosecutor, and a statement from the victim. The court then proceeded to sentence appellant to five years incarceration, the maximum term for a third degree felony. In imposing that sentence, the court noted appellant's age, 20, and reviewed appellant's history of juvenile delinquency adjudications, including those for three felonies and five misdemeanors, and his one misdemeanor conviction as an adult. The court then noted that the victim suffered serious psychological harm and that appellant and his cohorts acted as part of an organized group. The court further noted that appellant had not responded favorably to sanctions previously imposed. The court, however, then expressly found that appellant committed the worst form of the burglary offense and that to give appellant anything less than the maximum sentence would be abhorrent. Appellant did not object to the constitutionality of his sentence.
 {¶ 5} In his sole assignment of error, appellant asserts that his sentence was grossly disproportionate to the offense for which he was convicted given that his codefendants were convicted of greater degree felonies and received lesser sentences. Appellant also asserts that in sentencing him, the lower court engaged in impermissible fact finding and that his sentence was therefore contrary to law.
 {¶ 6} Appellant's first argument goes to the consistency requirement in R.C. 2929.11(B). That statute reads: "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in *Page 4 
division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." In State v. Lathan, 6th Dist. No. L-03-1188,2004-Ohio-7074, ¶ 25, reversed in part on other grounds and on reconsideration State v. Lathan, 6th Dist. No. L-03-1188, 2005-Ohio-321, however, we determined that a comparison of similar cases was not mandated under R.C. 2929.11(B), noting that "[e]ach case is necessarily, by its nature, different from every other case-just as every person is, by nature, not the same." We have, therefore, held that "we are no longer required to consider whether the trial court's sentence is consistent with those imposed in similar cases." State v. Wheeler, 6th Dist. No. L-06-1125, 2007-Ohio-6375, ¶ 13. See, also, State v.Donahue, 6th Dist. No. WD-03-083, 2004-Ohio-7161. The criminal history of appellant's codefendants was not before the lower court and, accordingly, is not before this court. Regardless, given appellant's criminal history, in addition to the other issues discussed by the lower court, the court determined that sentencing appellant to the term allowed for a third degree felony was the most effective way to protect the public from future crime by appellant and others and to punish appellant. The sentence was within the statutory range for a third degree felony offense and we fail to see how the trial court abused its discretion in imposing that sentence.
 {¶ 7} Appellant also argues that the lower court engaged in impermissible fact finding in imposing sentence. Appellant's sentencing hearing was held on September 14, 2006, more than six months after the Supreme Court of Ohio decided State v. Foster, *Page 5 109 Ohio St.3d 1, 2006-Ohio-856, and even longer after the United States Supreme Court decided Blakely v. Washington (2004), 542 U.S. 296, upon which Foster is based. At the sentencing hearing below, appellant did not object to the constitutionality of his sentence pursuant toFoster or Blakely. In State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, the Supreme Court of Ohio held that "a lack of an objection in the trial court forfeits the Blakely issue for purposes of appeal when the sentencing occurred after the announcement ofBlakely." Id. ¶ 31. Where an appellant has forfeited his right to raise a Foster/Blakely issue on appeal, an appellate court is confined to a plain error analysis. Payne, ¶ 23; State v. Baccus, 6th Dist. No. L-06-1310, 2007-Ohio-5991, ¶ 13.
 {¶ 8} As we stated in Baccus, at ¶ 14: "Post-Foster, it is axiomatic that `[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' Id. at paragraph seven of the syllabus. Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions."
 {¶ 9} In imposing sentence, the lower court stated at the sentencing hearing that it was considering those portions of the sentencing statutes that remained constitutional. The court then looked to seriousness and recidivism factors, the circumstances of the crime, and appellant's criminal history. Although the court expressly found that appellant committed the worst form of the offense and used that finding to support its maximum sentence, appellant did not object to this finding. Appellant was convicted of a third *Page 6 
degree felony, which carries a maximum sentence of five years imprisonment. R.C. 2929.14(A)(3). Appellant's sentence was within the statutory range and, given his criminal history, as well as other factors considered by the trial court, we cannot say that the trial court committed plain error in imposing that sentence. The sole assignment of error is not well-taken.
 {¶ 10} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 1