DECISION AND JUDGMENT
{¶ 1} Appellant, Matthew Gorney, appeals from his convictions in the Lucas County Court of Commons Pleas for felonies of the first and third degrees. For the reasons that follow, we affirm.
 {¶ 2} On August 3, 2007, appellant entered a no contest plea to one count of rape and seven counts of gross sexual imposition. Appellant's plea of no contest was accepted *Page 2 
by the trial court. On September 28, 2007, appellant was sentenced to 28 years in prison. Appellant now appeals setting forth the following assignment of error:
 {¶ 3} "I: The record below does not support the sentence imposed by the trial Court, and it is otherwise contrary to law. Pursuant to R.C. 2953.08(A), this court should reduce the sentence."
 {¶ 4} Appellant was sentenced to 28 years in prison for rape and gross sexual imposition. These sentences are voidable pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, State v. Payne,114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 29. However, where an appellant has forfeited his right to raise a Foster issue on appeal, an appellate court is confined to a plain error analysis. Id., ¶ 24; State v. Baccus, 6th Dist. No. L-06-1310, 2007-Ohio-5991, ¶ 13.
 {¶ 5} Although appellant's indictment, trial and sentencing occurred after Foster, supra, he failed to object to the constitutionality of his sentence in the trial court. Pursuant to Payne, supra, we find that appellant forfeited his right to challenge his sentence underFoster; as such, we are confined to a plain error analysis.
 {¶ 6} In the instant case, the sentence imposed was well within statutory parameters. The trial court considered factors, including but not limited to, the seriousness of the crime, likelihood of recidivism, the circumstances of the crime, and appellant's criminal history. Upon review, we find that appellant failed to establish that the trial court committed plain error in sentencing appellant to 28 years. Thus, appellant's sole assignment of error is found not well-taken. *Page 3 
 {¶ 7} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1