DECISION AND JUDGMENT
{¶ 1} This is a delayed appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of aggravated murder with a firearm specification and one count of aggravated robbery with a firearm specification in trial court case No. CR-1996-5761. The same judgment also found appellant guilty of one count of aggravated murder with a firearm specification, one count of aggravated *Page 2 
robbery with a firearm specification and six counts of kidnapping with a firearm specification in trial court case No. CR-2007-1081. Appellant's sentences totaled 126 years to life. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant entered his pleas in both cases on January 12, 2007. In exchange for the pleas, the state withdrew death penalty specifications. Appellant was sentenced on January 26, 2007. All sentences within each case were ordered served consecutively; the sentences in case No. CR-2007-1081 were ordered served consecutively to the sentences in case No. CR-1996-5761. Appellant was given credit for time previously served. This court subsequently granted appellant leave to file a delayed appeal and thereafter consolidated the two cases for purposes of appeal under appellate case No. L-07-1417.
 {¶ 3} Appellant sets forth two assignments of error:
 {¶ 4} "I. The lower court erred in stacking the six kidnapping sentences.
 {¶ 5} "II. The indictments in both cases fail to allege a mens rea element for aggravated robbery and, as such, are defective."
 {¶ 6} Appellant does not take issue with the trial court's authority to sentence him on each of the crimes and concedes that the aggravating factors of each case clearly warranted maximum sentences for each conviction. In his first assignment of error, however, appellant asserts that the trial court erred by ordering that the six kidnapping sentences be served consecutively. Appellant first notes that when the trial court sentenced appellant's co-defendant, Chris Cathcart, for his convictions on the same six *Page 3 
kidnapping offenses, it ordered the sentences served concurrently with one another. Appellant argues that there was no evidence the two cases differed at all and that when appellant was sentenced in 2007, the trial court "erred on the side of appeasing the victims and was not particularly interested in giving Appellant the deference afforded Mr. Cathcart."
 {¶ 7} Appellant appears to be arguing that trial courts are required to impose consistent sentences in similar cases. As to the issue of any possible similarity between appellant's and Cathcart's cases, the sentencing court emphasized that the two cases were not comparable because it was appellant who was found to have committed the murders in each case.
 {¶ 8} R.C. 2929.11(B) mandates consistency when applying Ohio's sentencing guidelines. See, e.g., State v. Lyons, 8th Dist. No. 80220, 2002-Ohio-3424, ¶ 30. Accordingly, "it is the trial court's responsibility to insure that it has the appropriate information before it when imposing sentence in order to comply with the purposes of felony sentencing." Id. However, Ohio courts have reasoned that sentencing consistency is not developed via a trial court's comparison of the existing matter before the court to prior sentences for similar offenders and similar offenses. See, e.g., State v. Spellman,160 Ohio App.3d 718, 2005-Ohio-2065, ¶ 12.
 {¶ 9} We agree with the rationale of the Lyons court and others that, while the trial court must adhere to the statutory mandate to ensure consistency in sentencing, it need not specifically comb through case law in search of similar offenders who have *Page 4 
committed similar offenses in order to ascertain the proper sentence to be imposed. "In short, a consistent sentence is not derived from a case-by-case comparison; rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency * * *." State v. Martin, 11th Dist. No. 2006-T-0111,2007-Ohio-6722, ¶ 34.
 {¶ 10} In the instant matter, prior to imposing sentence for both cases, the trial court explained at length that it had considered the nature and circumstances of the two offenses; appellant's criminal history and background; the risks that appellant would commit another crime and the need for protecting the public from that risk; the impact on the victims and their families; the need to deter others from similar crimes and the need to punish appellant. The trial court also explained that as to the specific issue of whether the sentences should be served consecutively or concurrently, it had considered each of the aforementioned factors. Specifically addressing appellant's argument that since Cathcart's kidnapping sentences were not ordered to be served consecutively his should not have been either, the court stated, "I have considered the arguments of counsel. I don't think that this case is comparable to that of the co-defendant Cathcart because in this case this defendant was the person who actually committed the two murders in the case."
 {¶ 11} Further, in addressing the issue of inconsistent sentences, this court has noted that consistency in sentencing is no longer an "overriding purpose." State v. Lathan, 6th Dist. No. L-03-1188,2004-Ohio-7074, ¶ 22. In Lathan, this court concluded that "[w]hen a sentence is objected to and alleged to be inconsistent with other sentences, *Page 5 
what is truly being contested is whether the sentence is supported by the record. Therefore, an appellate court's task is to review the sentence to see if by clear and convincing evidence the appellant has shown the sentence was not supported by the record or was contrary to law." Id. at ¶ 27. Clear and convincing evidence is that which is sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 12} Upon thorough consideration of appellant's argument, this court finds that appellant has not provided any evidence that his sentences were not supported by the record or that they were contrary to law in any respect. Since State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, was decided, trial courts are no longer required to make findings or give their reasons for imposing maximum, consecutive, or greater-than-minimum sentences. Further, all of the prison terms imposed herein are within the range of sentences allowed for the offenses of which appellant was convicted.
 {¶ 13} Based on the foregoing, we do not find that the trial court improperly sentenced appellant. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 14} In his second assignment of error, appellant asserts that his indictments for aggravated robbery in both cases were defective because they failed to allege a mens rea. Appellant incorrectly relies on the decision in State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, wherein the Ohio Supreme Court held that an indictment for the offense of robbery which did not allege the required mental state of recklessness was defective as a *Page 6 
matter of law. This court has considered this identical argument in two recently released decisions. In so doing, this court has determined thatColon, supra, and the decision of the Ohio Supreme Court upon reconsideration of that case[1] apply only to cases in which a defendant has been indicted for the offense of robbery in violation of R.C. 2911.02(A)(2). See State v. Hill, 6th Dist. No. WD-07-022,2008-Ohio-5798; State v. Walker, 6th Dist. No. L-07-1156,2008-Ohio-4614. Appellant was indicted on two counts of aggravated robbery. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 15} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749. *Page 1