[Cite as *State v. Madrigal*, 2019-Ohio-5426.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals Nos. L-19-1193
                                                                                      L-19-1194
       Appellee

                                                            Trial Court Nos. CR0199605761
v.                                                                                CR0200701081

Jamie R. Madrigal                                       **DECISION AND JUDGMENT**

       Appellant                                Decided:  December 31, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Jamie R. Madrigal, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated and consolidated appeal from an August 9, 2019

judgment of the Lucas County Common Pleas Court denying appellant's "MOTION TO

VOID/VACATE SENTENCING JUDGMENT."

{¶ 2} Appellant, Jamie R. Madrigal, submits two assignments of error:

ASSIGNMENT OF ERROR ONE

WHERE NO STATUTORY AUTHORITY EXISTS [PURSUANT TO R.C. §2929.03] FOR A SENTENCE OF "20 YEARS MANDATORY INCARCERATION TO LIFE IN PRISON," SUCH IS CONTRARY TO LAW; AS NON-COMPLIANCE WITH STATUTORY (SENTENCING) REQUIREMENTS RENDERS THE JUDGMENT VOID FOR LACK OF AUTHORITY TO ACT ***; AND THE STATE/U.S. CONSTITUTIONAL GUARANTEES TO EQUAL PROTECTION OF THE LAW AND DUE PROCESS ARE VIOLATED.

ASSIGNMENT OF ERROR TWO

THE KIDNAPPING SENTENCES (HEREIN) ARE CONTRARY TO LAW, AS THEY ARE ALLIED OFFENSES ***AND MUST MERGE PURSUANT TO STATUROTY AUTHORITY; AND FAILURE TO DO SO VIOLATES STATE/U.S. CONSTITUTIONAL GUARANTEES TO EQUAL PROTECTION OF THE LAW, DUE PROCESS, AND DOUBLE JEOPARDY.

{¶ 3} The following facts that are relevant to this appeal are as follows.

{¶ 4} On April 30, 1995, during an armed robbery of the Pacific Crab House restaurant in Maumee, a restaurant employee was ordered to the floor by the perpetrators.

Upon his refusal to lie down on the floor, the employee was immediately shot at close range and killed.

{¶ 5} On April 12, 1996, during the course of an armed robbery, a female Kentucky Fried Chicken manager was shot at point-blank range in the back of the head and killed as she attempted to open the restaurant safe at the command of the robber.

{¶ 6} On May 13, 1996, in connection to the above crimes, appellant was indicted on one count of aggravated murder, pursuant to R.C. 2903.01(B), and one count of aggravated robbery, pursuant to R.C. 2911.01(A)(1), along with accompanying firearm specifications. Following a jury trial, appellant was found guilty and sentenced to death. The Supreme Court of Ohio affirmed the conviction and sentence. *State v. Madrigal*, 87 Ohio St.3d 378, 721 N.E.2d 52 (2000).

{¶ 7} On August 5, 2003, the United States District Court for the Northern District of Ohio, Eastern Division, granted appellant's petition for habeas corpus as to his claim that his constitutional rights of confrontation was denied when the admission of out-of-court statements by a co-defendant who refused to testify at trial was allowed. *See Madrigal v. Bagley*, 276 F.Supp.2d 744 (N.D.Ohio 2003).

{¶ 8} On January 11, 2007, in connection to the above crimes, appellant was indicted on one count of aggravated murder, pursuant to R.C. 2903.01(B), one count of aggravated robbery, pursuant to R.C. 2911.01(A)(1), and six counts of kidnapping, pursuant to R.C. 2905.01(A)(2), along with accompanying firearm specifications.

{¶ 9} On January 12, 2007, appellant entered *Alford* pleas on the 2007 cases, in conjunction with a negotiated plea agreement. Appellant simultaneously entered guilty pleas to the 1996 cases, which had been remanded to the trial court on a successful habeas corpus petition. In exchange for the pleas, the previously imposed death penalty, affirmed by the Supreme Court of Ohio prior to the habeas remand, was not sought.

{¶ 10} Following the 2007 negotiated plea agreement covering all of the above-described crimes, appellant was granted a delayed appeal on these cases. On delayed appeal, appellant set forth an assignment of error alleging trial court error in stacking the kidnapping sentences and an assignment of error alleging defective indictments in both cases. On December 5, 2008, in *State v. Madrigal*, 6th Dist. Lucas Nos. L-07-1417 and L-07-1418, 2008-Ohio-6394, this court found the appeal to be without merit and affirmed the trial court judgment.

{¶ 11} Then, on January 29, 2010, appellant filed a Crim.R. 32.1 motion to withdraw his guilty pleas from the already unsuccessfully appealed 2007 cases.

{¶ 12} On April 22, 2010, the trial court denied appellant's motion. The court determined in relevant part that the motion's sentencing assertions could only conceivably have merit in a scenario where appellant had not been charged with causing deaths in the course of committing the aggravated robberies and had not pled guilty to those aggravated robberies. This court found that appellant's claims were barred by the doctrine of res judicata. *State v. Madrigal*, 6th Dist. Lucas Nos. L-10-1142 and L-10-1143, 2011-Ohio-798, ¶ 19.

4.

{¶ 13} On August 11, 2011, appellant filed a motion to correct improper sentences with this court. Those motions were denied on October 27, 2011.

{¶ 14} On October 16, 2016, appellant filed a motion to withdraw pleas of guilty and/or new trial. These motions were denied and this court affirmed the decision of the trial court. *See State v. Madrigal*, 6th Dist. Lucas Nos. L-17-1020 and L-17-1021, 2017-Ohio-1426.

{¶ 15} On April 2, 2019, appellant filed the motion in this case captioned "MOTION TO VOID/VACATE SENTENCING JUDGEMENT" claiming that the sentences for aggravated murder were imposed contrary to law. Specifically, appellant argues that for each charge of aggravated murder a sentence of "'20 years mandatory incarceration to life in prison' was issued, for which there exists no statutory authority in Ohio's sentencing scheme for aggravated murder" and that his sentences for kidnapping are contrary to law because they were allied offenses and should have been merged.

{¶ 16} We are again confronted with claims made by the appellant that could have easily been presented in his direct appeal years ago. In fact, his claimed error of merger of offenses was presented to this court in his direct appeal.

{¶ 17} Pursuant to the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction, or on an appeal from that judgment. *Madrigal*,

5.

6th Dist. Lucas Nos. L-10-1142 and L-10-1143, 2011-Ohio-798, ¶ 18, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus.

{¶ 18} Based upon the foregoing, appellant's claims in support of this appeal are wholly barred by the doctrine of res judicata. Accordingly, appellant's assignments of error are not well-taken.

{¶ 19} Wherefore, we find that substantial justice has been done in this matter. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.
                                        _____
                                                    JUDGE
Thomas J. Osowik, J.

Christine E. Mayle, P.J.                _____
CONCUR.                                             JUDGE

                                        _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.